*AO 91 (Rev. 02/09) Criminal Complaint*

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

JUN 23 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 2:16-mj-2012-001 |
| Clarence C. Garretson ) | |
| *Defendant* ) | |

## CRIMINAL COMPLAINT

I, the Complainant in this case, state that the following is true to the best of my knowledge and belief:

### COUNT 1

In or about July 2014, in the county of Crawford, in the Western District of Arkansas, the Defendant, Clarence C. Garretson, did knowingly transport an individual, JANE DOE 1, who had not attained the age of 18 years in interstate commerce with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense; namely, Arkansas Code Annotated 5-14-103(a)(3)(A), Rape, a class Y felony; all in violation of Title 18 U.S.C. § 2423(a).

### COUNT 2

Between in or about January 2000 and on or about December 31, 2000, in the county of Crawford, in the Western District of Arkansas, the Defendant, Clarence C. Garretson, did knowingly transport an individual, JANE DOE 2, who had not attained the age of 18 years in interstate commerce with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense; namely, Arkansas Code Annotated 5-14-106(a), Carnal Abuse in the Third Degree, a class D felony; all in violation of Title 18 U.S.C. § 2423(a).

### COUNT 3

Between in or about May 2001 and on or about December 31, 2001 in the county of Crawford, in the Western District of Arkansas, the Defendant, Clarence C. Garretson, did knowingly transport an individual, JANE DOE 3, who had not attained the age of 18 years in interstate commerce with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense; namely, Arkansas Code Annotated 5-14-124, Sexual Assault in the First Degree, a class A felony; all in violation of Title 18 U.S.C. § 2423(a).

Case 2:16-cr-20029-PKH  Document 1  Filed 06/23/16  Page 2 of 16 PageID #: 2

This criminal complaint is based on these facts:

■ Continued on the attached sheet.

_____
*Complainant's Signature*

Robert Allen, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **6/23/16**

_____
*Judge's signature*

City and State: Fort Smith, Arkansas

Mark E. Ford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert Allen, a Special Agent for the Federal Bureau of Investigation (FBI), in Fort Smith, Arkansas, being duly sworn, state the following is true and correct based upon my personal knowledge, investigation, and belief:

1. I am a Special Agent currently assigned to the Fort Smith Resident Agency of the Little Rock Division of the FBI. I have been employed as a Special Agent with the FBI for over eight years. During my employment with the FBI, I have received training concerning and have participated in the investigation of violations of federal criminal offenses enumerated in Title 18 of the United States Code, specifically, federal criminal statutes involving the sexual exploitation of minors. Prior to my employment with the FBI, I was employed as a Certified Police Officer by the Van Buren Police Department for ten years. During my employment as a Van Buren Police Officer, I received training and was involved in investigating state and local criminal offenses. This Affidavit is intended to set forth probable cause for a three-count criminal complaint to be authorized and a warrant to be issued for the arrest of Clarence C. Garretson (GARRETSON), a resident of Van Buren, Arkansas. This Affidavit does not set forth all of my knowledge about this matter.

2. Based on the facts set forth in this Affidavit in support of the Complaint, your Affiant has probable cause to believe that beginning in at least 2000 and continuing through and including July 2014, in the Western District of Arkansas, Fort Smith Division and elsewhere, Clarence C. GARRETSON violated Title 18, United States Code, Section 2423(a), transportation in interstate commerce of a minor with intent to engage in criminal sexual activity for which any person can be charged with a criminal offense; namely, Rape, in violation of Arkansas Code Annotated 5-14-103 (Count One); Carnal Abuse in the Third Degree, in violation of Arkansas Code Annotated 5-14-106(a) (Count Two); and Sexual Assault in the First Degree,

in violation of Arkansas Code Annotated 5-14-124 (Count Three). Title 18, United States Code, Section 2423(a) provides, in pertinent part that:

> A person who knowingly transports an individual who has not attained the age of eighteen years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense . . . .

3.  In order to violate Title 18, United States Code, Section 2423(a), an individual must knowingly transport a minor in interstate commerce with intent to engage in criminal sexual activity for which any person can be charged with a criminal offense. The criminal sexual activity that GARRETSON engaged in with minor victim JANE DOE 1 in July 2014 violated Arkansas Code Annotated 5-14-103(a)(3)(A) because GARRETSON engaged in sexual intercourse with JANE DOE 1 who was ten years old in July 2014. The criminal sexual activity that GARRETSON engaged in with minor victim JANE DOE 2 between in or about January 2000 and on or about December 31, 2000 violated Arkansas Code Annotated 5-14-106(a) (Carnal Abuse in the Third Degree) because GARRETSON engaged in sexual intercourse with JANE DOE 2 who was less than 16 years old at the time and GARRETSON was more than 20 years old in 2000. The criminal sexual activity that GARRETSON engaged in with JANE DOE 3 between in or about May 2001 and on or about December 31, 2001 violated Arkansas Code Annotated 5-14-124, Sexual Assault in the First Degree because GARRETSON engaged in sexual intercourse with JANE DOE 3 who was less than 18 years old at the time and who was not GARRETSON'S spouse and GARRETSON was the guardian, temporary caretaker, or in a position of trust or authority over JANE DOE 3.

4.  Arkansas Code Annotated 5-14-103(a)(3)(A), Rape, a class Y felony, makes it a criminal offense to engage in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Sexual intercourse is defined in Arkansas Code

Annotated 5-14-101 as penetration, however slight, of the labia majora by a penis. Deviate sexual activity is defined in Arkansas Code Annotated 5-14-101 as any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person; or the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person.

5. In 2000, Arkansas Code Annotated 5-14-106(a), Carnal Abuse in the Third Degree, was a class D felony, and made it a criminal offense for someone twenty years old or older to engage in sexual intercourse or deviate sexual activity with another person not his spouse who was less than sixteen years old.

6. In 2001, Arkansas Code Annotated 5-14-124, Sexual Assault in the First Degree, was a class A felony, and made it a criminal offense for someone to engage in sexual intercourse or deviate sexual activity with another person, not the person's spouse, who is less than eighteen years of age and the person is the victim's guardian, temporary caretaker, or in a position of trust or authority over the victim.

## Probable Cause as to Victim JANE DOE 1

7. On March 15, 2016, the Van Buren Police Department received a report that GARRETSON sexually assaulted JANE DOE 1 in the summer of 2014 when JANE DOE 1 was 10 years old. JANE DOE 1 was born in September 2003 and is now 12 years old. The report made to the Van Buren Police Department in March 2016 indicated that during the summer of 2014, GARRETSON, born in May 1951, took JANE DOE 1 on an over-the-road interstate truck trip, departing from Van Buren, Arkansas in the Western District of Arkansas, Fort Smith Division, and stopped at various locations outside the State of Arkansas where GARRETSON sexually assaulted JANE DOE 1 by inserting his penis inside the minor's vagina.

8. JANE DOE 1 was forensically interviewed on March 15, 2016 at the Hamilton House Children's Safety Center in Fort Smith. I have reviewed the recorded interview of JANE DOE 1 that was done at the Hamilton House Children's Safety Center. JANE DOE 1 told the forensic interviewer that GARRETSON "made me get naked and stuck some body parts into me." JANE DOE 1 stated "he done it the whole time we were on the road." JANE DOE 1 told the forensic interviewer that GARRETSON pushed her onto the bed in the truck and held her down so that she could not move. JANE DOE 1 explained to the forensic interviewer that GARRETSON placed his penis inside JANE DOE 1's vagina.

9. JANE DOE 1 was unable to provide the exact location during the trip where each sexual assault occurred, but JANE DOE 1 explained that the sexual assaults took place inside GARRETSON'S truck when he parked the truck at a truck stop across from a casino. JANE DOE 1 stated that GARRETSON went inside a casino after sexually assaulting her. JANE DOE 1 also described seeing a particular landmark on the trip. JANE DOE 1 stated she recalled seeing a large cross with tomb-like structures during the road trip, and explained that she saw that large cross on the trip that GARRETSON took her to California and back. JANE DOE 1 stated that GARRETSON stopped at the casino in Roland, Oklahoma, and placed his penis inside her vagina when they were inside the truck, then he went into the casino for a period of time. JANE DOE 1 confirmed that she was returned to Arkansas at the conclusion of the road trip.

10. GARRETSON was interviewed by Van Buren Police Department Detective Jonathan Wear on March 31, 2016. After being advised of his *Miranda* rights, GARRETSON waived his right to have an attorney present during the interview. GARRETSON told Detective Wear that he took JANE DOE 1 on a road trip in the summer of 2014 but GARRETSON denied having any sexual contact with JANE DOE 1. GARRETSON told Detective Wear that he

stopped at several casinos and stated that he goes to "a lot of casinos on the road." GARRETSON told Detective Wear that he traveled Interstate 40 to California and back on the road trip with JANE DOE 1. When confronted with JANE DOE 1's report that he sexually assaulted JANE DOE 1 on the road trip during the summer of 2014, GARRETSON said JANE DOE 1 was "lying" and "it never happened."

11. Detective Wear referred the case to the state prosecutor who determined that the sexual assaults described by JANE DOE 1 occurred outside their jurisdiction. The investigation was referred to the FBI for federal prosecution.

12. Your Affiant verified that GARRETSON was a truck driver for C&T Trucking during the summer of 2014. Your Affiant has learned that GARRETSON currently maintains an Arkansas Class-A license.

13. Tim Jones, a resident of Van Buren, Arkansas, and owner of C&T Trucking Company that is now out of business, was interviewed by your Affiant on May 23, 2016. Tim Jones stated that GARRETSON worked for him during the summer of 2014 and had worked for him for several years prior to 2014. Tim Jones told your Affiant that C&T Trucking is no longer in business. Tim Jones stated that in the summer of 2014, GARRETSON brought a young girl to the truck shop. According to Tim Jones, GARRETSON requested and filled out a rider waiver for the girl. Your Affiant has attempted to locate the rider waiver Tim Jones referenced GARRETSON filing out in the summer of 2014, but at this time, the records from C&T Trucking are in disarray and have not thoroughly been examined. Tim Jones stated that GARRETSON usually was assigned Southwest or Northwest routes. Records from C&T Trucking revealed that GARRETSON usually operated truck #938 and did so during the summer of 2014. Records from C&T Trucking also documented that GARRETSON traveled from

Arkansas to California and back in the summer of 2014. The company's trucking records indicated that GARRETSON departed Arkansas on or about July 12, 2014, traveled through Oklahoma, purchased fuel in Arizona on or about July 14, 2014, purchased fuel again in Arizona on or about July 17, 2014, and made a fuel purchase in Oklahoma on or about July 18, 2014. According to the trucking company records, GARRETSON submitted turnpike receipts from the toll at Muskogee, Oklahoma, that were dated July 19, 2014.

14. Your Affiant conducted research and found that a large cross, with monuments at its base, is highly visible on Interstate 40 when travelling through Groom, Texas. This large cross with monuments at its base corresponds to a description JANE DOE 1 gave to the forensic interviewer about a particular landmark JANE DOE 1 recalled seeing on the road trip with GARRETSON.

15. Your Affiant reviewed Dancing Eagle Casino records and learned that GARRETSON is a casino club member who is listed as "Mr. CC Garretson, XXXX Mays Braman [sic] Rd, Van Buren, AR 72956," associated with casino account # 23436 and is listed as player # 23443. The street name that is spelled as Mays Braman on the casino records for "Mr. CC Garretson" appears to be a typographical error. I have verified that all other information on the casino record matches the correct address for GARRETSON'S residence, which is XXXX Mays Branch Road in Van Buren, Arkansas.

16. Dancing Eagle Casino is in Casa Blanca, New Mexico, off Interstate 40 at exit 108. Dancing Eagle Casino records show gaming activity for "Mr. CC Garretson" from December 17, 2000 through and including June 2, 2016. "Mr CC Garretson" played the slots on July 13, 2014 and on July 17, 2014 at the Dancing Eagle Casino in Casa Blanca, New Mexico, according to casino records your Affiant has reviewed. The casino records place GARRETSON

in Casa Blanca, New Mexico in the summer of 2014 during the period of time your Affiant believes GARRETSON transported JANE DOE 1 in interstate commerce and had sexual intercourse with JANE DOE 1 when they were outside the State of Arkansas.

17. Financial records obtained from a joint bank account held in the name of GARRETSON and his wife, Lisa Garretson, revealed the following transactions were made during July 2014: a purchase in Oklahoma City, Oklahoma on 07/12/2014; a purchase at the "Dancing Eagle Trav" on 07/13/2014; a purchase in Moriarty, New Mexico on 07/14/2014; a purchase in Flagstaff, Arizona on 07/14/2014; a purchase in Tanopah, Arizona on 07/15/2014; a purchase in Santa Monica, California on 07/16/2014; a purchase in Barstow, California on 07/17/2014; a purchase at "Dancing Eagle Trav" on 07/17/2014; and a purchase in Muskogee, Oklahoma on 07/19/2014. Your Affiant has reviewed the locations where these transactions occurred and note they are on or near Interstate 40, which is a major east-west interstate route between Arkansas and California.

18. The transactions in paragraph 17, above, were made from July 12, 2014 through and including July 19, 2014. Bank records show that during the time transactions in paragraph 17 took place, transactions from the same account were simultaneously occurring in the Van Buren, Arkansas, area. The bank card transactions for the joint bank account of GARRETSON and his wife for the period July 12, 2014 through and including July 19, 2014 suggest that one authorized user of the bank account was making purchases with the bank card in Oklahoma, New Mexico, Arizona and California at the same time the other account holder was using the bank card to make purchases in the vicinity of the GARRETSON residence in Van Buren, Arkansas.

19. In July 2014, GARRETSON was 63 years old and JANE DOE 1 was 10 years old. JANE DOE 1 described GARRETSON placed his penis inside her vagina when they were in his

truck on four separate occasions during the interstate trip from Arkansas to California and back to Arkansas. This conduct constitutes sexual intercourse, as defined in Arkansas Code Annotated 5-14-101. Based upon records obtained from C& T trucking that verify GARRETSON was engaged in interstate travel in July 2014, Dancing Eagle Casino records that corroborate GARRETSON was in New Mexico in July 2014, records of bank card transactions conducted on the joint account of Clarence C. GARRESTON and Lisa Garretson in July 2014 that indicate one of the account holders was making transactions in states through which Interstate 40 runs, and the forensic interview of JANE DOE 1 that was conducted at the Hamilton House Children's Safety Center, there is probable cause to believe that in July 2014, GARRETSON violated Title 18, United States Code, Section 2324(a) by knowingly transporting JANE DOE 1, a minor, in interstate commerce from the Western District of Arkansas, Fort Smith Division, to California with intent to engage in criminal sexual activity for which GARRETSON can be charged with a criminal offense, namely, Arkansas Code Annotated 5-14-103(a)(3)(A), Rape, a class Y felony.

### Probable Cause as to Victim JANE DOE 2

20. Your Affiant learned that GARRETSON and his wife were foster parents for the Arkansas Department of Human Services (DHS) and had foster children in their home in Van Buren, Arkansas, from May 23, 1989 through and including December 30, 2004. According to DHS records, the GARRETSON residence was classified by DHS as an adoptive home from April 13, 2001 through and including January 29, 2015. Your Affiant reviewed DHS records and learned that multiple teenage foster children had reported to DHS that GARRETSON sexually assaulted them while in his care. The DHS reports your Affiant reviewed indicate DHS received reports of sexual misconduct committed by GARRETSON, some of which were

unfounded and some were founded as "true." Reports alleging sexual misconduct by GARRETSON on foster children in his home were made to DHS in August 1997, January 2003, July 2004 and April 2006. Your Affiant noted that the April 2006 report was made after the foster child had been removed from the home. Your Affiant has not been able to review the complete DHS file because it has not been available in its entirety at this time. Based on the reports your Affiant found in DHS records, your Affiant began conducting an investigation into GARRETSON'S conduct with foster children who were in the GARRETSON residence. Although many of the former foster children that were placed in GARRETSON'S home are now over the age of 18 and therefore, are no longer minors, the federal statute of limitations does not preclude federal prosecution for federal offenses committed against "a child under the age of 18 years" during the life of the child or for ten years after the offense, whichever is longer. *See,* Title 18, United States Code, Section 3282 (2006) and Title 18, United States Code, Section 3299 (2006).

21. On May 26, 2016, your Affiant interviewed JANE DOE 2, who was born in March 1985. JANE DOE 2 was placed as a foster child in the GARRETSON home on July 9, 1998, and is now an adult. JANE DOE 2 told your Affiant that she was repeatedly sexually assaulted by GARRETSON after arriving at the foster home run by GARRETSON and his wife, Lisa. JANE DOE 2 stated she was sexually assaulted multiple times by GARRETSON at his residence in Van Buren and also when he took her on over-the-road truck trips while GARRETSON was driving a car hauler to Texas and California. JANE DOE 2 stated the out of state trips began in Van Buren, Arkansas, which is in the Western District of Arkansas, Fort Smith Division.

22. JANE DOE 2 told your Affiant that in the summer of 2000, GARRETSON stopped at a truck stop, sexually assaulted her, then he went into the Sky City Casino. JANE DOE 2 stated she recalled the casino is in New Mexico, off Exit 102 on Interstate 40.

23. On June 7, 2016, your Affiant conducted another interview of JANE DOE 2 to obtain more details about GARRETSON'S conduct with JANE DOE 2 on interstate truck trips. JANE DOE 2 stated that GARRETSON put his penis inside her vagina when they were in the sleeper cab of the truck when GARRETSON stopped at the Sky City Casino in 2000 when she was 15 years old. JANE DOE 2 stated GARRETSON used a condom. JANE DOE 2 said this was the trip where she saw her older brother who happened to be at or near the Sky City Casino at the same time GARRETSON stopped there. JANE DOE 2 told your Affiant that she recently asked her older brother if he remembered seeing her at the Sky City Casino with GARRETSON when she was a teenager, and JANE DOE 2 stated her brother confirmed he saw JANE DOE 2 with GARRETSON at the Sky City Casino in New Mexico in 2000. JANE DOE 2 stated that her brother did not know anything about GARRETSON sexually assaulting her. JANE DOE 2 stated her brother had asked her one time if anything had happened to her with GARRETSON, and JANE DOE 2 said she denied it. JANE DOE 2 stated she was afraid to disclose the sexual abuse to anyone because Clarence and Lisa GARRETSON were raising her nephew and she didn't want to be punished by being separated from her nephew.

24. JANE DOE 2 stated that she was sexually assaulted by GARRETSON on other over-the-road trips. JANE DOE 2 related that when she was on a road trip to either Kansas or Dallas when she was 16 years old, GARRETSON had sexual intercourse with her and complained to her that she "never made any noise when they were having sex."

25. In 2000 when GARRETSON transported JANE DOE 2 in interstate commerce from the Western District of Arkansas, Fort Smith Division, and had sexual intercourse with JANE DOE 2 in New Mexico, GARRETSON was more than 20 years old and JANE DOE 2 was less than 16 years old. Based on the interview of JANE DOE 2 and the sexual activity JANE DOE 2 described that occurred in New Mexico in 2000, there is probable cause to believe that GARRETSON violated Title 18, United States Code, Section 2324(a) by knowingly transporting JANE DOE 2, a minor, in interstate commerce in 2000 from the Western District of Arkansas, Fort Smith Division, to New Mexico with intent to engage in criminal sexual activity for which GARRETSON can be charged with a criminal offense, namely, Arkansas Code Annotated 5-14-106, Carnal Abuse in the Third Degree, a class D felony.

### Probable Cause as to Victim JANE DOE 3

26. On June 2, 2016, your Affiant interviewed JANE DOE 3, who was born in April 1987. JANE DOE 3 stated that DHS placed her in foster care in the home of Lisa and Clarence GARRETSON when she was 13 years old. According to DHS records, JANE DOE 3 was placed in the GARRETSON home on July 31, 2000, and was removed from the GARRETSON home in 2004.

27. JANE DOE 3 told your Affiant that GARRETSON began sexually assaulting her soon after she began living in the GARRETSON residence. JANE DOE 3 stated that Lisa Garretson sold Avon products and when Lisa Garretson was away from the house on Avon business, GARRETSON would take JANE DOE 3 to his truck that was parked beside the residence in Van Buren and have sexual intercourse with her. JANE DOE 3 explained GARRETSON placed his penis inside her vagina. JANE DOE 3 stated that GARRETSON would have sexual intercourse with her when he took her on road trips in his truck. JANE DOE

3 stated to your Affiant that GARRETSON took her on truck trips, departing from Van Buren, when he hauled cars to Oklahoma. JANE DOE 3 stated that GARRETSON would call Lisa Garretson to tell Lisa that they wouldn't be able to make it back until the next day, and then GARRETSON would stop to park the truck for the night and have sexual intercourse with JANE DOE 3.

28. JANE DOE 3 was interviewed at the Hamilton House Children's Safety Center in Fort Smith on June 17, 2016. JANE DOE 3 told the forensic interviewer that GARRETSON had sexual intercourse with her at truck stops in Arizona, Texas and California. JANE DOE 3 explained that sexual intercourse meant GARRETSON put his penis in her vagina. JANE DOE 3 stated she recalled being sexually assaulted on a road trip outside the State of Arkansas when GARRETSON was hauling cars to California which she believed was in the summer of 2001. JANE DOE 3 stated she recalled this trip because the air conditioning in the truck was broken and JANE DOE 3 remembered it being really hot in the cab of the truck. JANE DOE 3 told your Affiant that GARRETSON took her and another minor on this trip. JANE DOE 3 stated GARRETSON had sexual intercourse with JANE DOE 3 every night GARRETSON parked the truck during the trip. JANE DOE 3 stated she recalled that this particular trip because she went into a casino and ate steak and eggs while GARRETSON played the slot machines. JANE DOE 3 recalled that this trip occurred after she got out of school for the summer of 2001.

29. JANE DOE 3 stated GARRETSON told her not to tell Lisa Garretson about what he was doing to her. GARRETSON told JANE DOE 3 that Lisa would not believe JANE DOE 3 and that JANE DOE 3 would get in trouble. JANE DOE 3 said she felt "obligated" to have sex with GARRETSON and was afraid that he would hit or hurt her. JANE DOE 3 stated that before she turned 18, she and the others were taken out of the GARRETSON home by DHS.

30. Based upon the date of birth of JANE DOE 3 and her age in 2001, her forensic interview, and GARRETSON'S position of trust or authority over JANE DOE 3 as her guardian and temporary caretaker in 2001, there is probable cause to believe GARRETSON transported JANE DOE 3 from between in or about May 2001 and on or about December 31, 2001 in interstate commerce from the Western District of Arkansas, Fort Smith Division, to California with intent to engage in criminal sexual activity for which GARRETSON can be charged with a criminal offense, namely, Arkansas Code Annotated 5-14-124, Sexual Assault in the First Degree, a class A felony.

## CONCLUSION

31. Based on the information contained in this Affidavit, your Affiant respectfully requests that a three-count Complaint be authorized charging CLARENCE C. GARRETSON with violating Title 18, United States Code, Section 2423(a), transportation of a minor in July 2014 in interstate commerce from the Western District of Arkansas, Fort Smith Division, with intent to engage in criminal sexual activity for which any person can be charged with a criminal offense, namely, Arkansas Code Annotated 5-14-103(a)(3)(A)(Rape) (Count One); violating Title 18, United States Code, Section 2423(a), transportation of a minor between in or about January 2000 and on or about December 31, 2000 in interstate commerce from the Western District of Arkansas, Fort Smith Division, with intent to engage in criminal sexual activity for which any person can be charged with a criminal offense, namely, Arkansas Code Annotated 5-14-106 (Carnal Abuse in the Third Degree) (Count Two); and violating Title 18, United States Code, Section 2423(a), transportation of a minor between in or about May 2001 and on or about December 31, 2001 in interstate commerce from the Western District of Arkansas, Fort Smith Division, with intent to engage in criminal sexual activity for which any person can be charged

with a criminal offense, namely, Arkansas Code Annotated 5-14-110 (Sexual Indecency with a Child) (Count Three). Your Affiant seeks the issuance of an Arrest Warrant for CLARENCE C. GARRETSON based on the Complaint.

_____
Robert Allen
Special Agent, FBI

Sworn and subscribed before me this **25** day of June, 2016.

_____
Mark E. Ford
U.S. Magistrate Judge