**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

v.                         Case No. 2:16CR-20029-001

**CLARENCE GARRETSON**                                             **DEFENDANT**

**SENTENCING MEMORANDUM**

Comes now J. Marvin Honeycutt, attorney for Clarence Garretson, who files this sentencing memorandum as an aid to the Court:

1. The estimated time of the hearing is two (2) hours and thirty (30) minutes based upon the number of victims and counsel's communication with the U.S. Attorney's Office.

2. That Defendant filed with this Court objections to the initial presentence report; however, even if the objections were incorporated into the PSR by U.S. Probation, the sentencing guidelines would still set forth life imprisonment as the length of incarceration.

3. That Counsel does not intend to call a witness but will be submitting character letters within the timeframe set by the Court.

4. That the history and characteristics of Defendant, which are documented in the PSR, are factors to be considered in imposing a sentence pursuant to 18 U.S. Code §3553(a); and the factors are:

   a. Mr. Garretson is sixty-five (65) years of age. The policy statement under §5H1.1 of the guidelines manual indicates Age may be a relevant characteristic. It is included as a part of this sentencing memorandum because age will probably not be considered as the sole basis of a departure; however, it should be included as a consideration by the Court as to a relevant characteristic of Mr. Garretson. The

attached life expectancy table from the CDC indicates that the life expectancy for a white male in 2014 was 76.7 years of age. Any sentence the Court imposes which is over 12 years is in essence a life sentence.

b. He has no adult criminal convictions and no other charges pending other than those charged herein.

b. He has lived in the Western District of Arkansas most of his life.

c. He has only been married once and has been married thirty-seven (37) years.

d. He does not have a substance abuse problem.

e. He did not possess a firearm or other dangerous weapon in connection with the offenses.

f. Until his incarceration for this offense, he has maintained employment.

## CONCLUSION

Mr. Garretson would probably not qualify for a departure pursuant to the guidelines, so one is not put forth. However, this sentencing memorandum is basically a request for the Court to consider a non-guideline sentence below the life sentence the sentencing guidelines impose. Based upon Defendant's characteristics, even after considering the extremely nature and circumstances of the offense, the Court should impose a twenty (20) year sentence.

*/s/ J. Marvin Honeycutt*
J. Marvin Honeycutt
AB#89032
Attorney for Clarence Garretson
5000 Rogers Avenue, Ste 634
Fort Smith, Arkansas 72903
Telephone: 479.783.0033
E-mail: marvin@honeycuttlawoffices.com

2

## CERTIFICATE OF SERVICE

 I hereby certify that on the 9th day of May 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System that will send notification of such filing to the following:

 Kyra E. Jenner, Assistant US Attorney, Kyra.Jenner@usdoj.gov
 Amanda Donat, US Probation Office, Amanda_Donat@arwp.uscourts.gov

        ***/s/ J. Marvin Honeycutt***
        J. Marvin Honeycutt