UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                         Case No. 2:16-CR-20029-001

CLARENCE C. GARRETSON                                                         DEFENDANT

## ORDER

Before the Court is Defendant Clarence Garretson's motion for subpoena or order. (Doc. 64). The Government filed a response. (Doc. 66). For the following reasons, Mr. Garretson's motion for subpoena or order (Doc. 64) is DENIED.

Mr. Garretson pled guilty and was sentenced for interstate transportation of a minor with the intent to engage in criminal activity. (Doc. 43). During Mr. Garretson's pretrial and sentencing phases, he was represented by retained counsel, Marvin Honeycutt. (Doc. 21). Mr. Honeycutt is an Arkansas attorney. (Doc. 24). Following sentence, Mr. Garretson timely appealed the Court's judgment. (Doc. 63). Mr. Honeycutt was appointed to represent Mr. Garretson on appeal. (Doc. 51). The Eighth Circuit affirmed the Court's judgment. (Doc. 63). Mr. Garretson represents he is now trying to prepare a 28 U.S.C. § 2255 motion and that he has written multiple letters to Mr. Honeycutt requesting his case files. (Doc. 64-1). Mr. Garretson states that Mr. Honeycutt has not responded thus far. (Doc. 64, p. 2). As a result, Mr. Garretson has filed this motion seeking to compel Mr. Honeycutt to provide him with the case files.

This is a closed case. The handling of client files is a matter between the client and his attorney. To the extent Mr. Garretson has a dispute with his attorney, it is governed by Arkansas Rule of Professional Conduct (ARPC) 1.16(d), which requires a lawyer upon termination of representation "to take steps to the extent reasonably practicable to protect a client's interests, such

1

as . . . surrendering papers and property to which the client is entitled . . . ." The Arkansas Supreme Court has jurisdiction to review and decide alleged violations of the Arkansas Rules of Professional Conduct. *Travis v. Supreme Court Committee on Professional Conduct*, 306 S.W.3d 3, 7-11 (Ark. 2009); *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (finding that lower federal courts lack subject matter jurisdiction over Arkansas Supreme Court Committee on Professional Conduct rulings because they are state-court judgments). Accordingly, it is inappropriate for this Court to decide whether Mr. Honeycutt has met his professional and ethical obligations under ARPC 1.16(d).

Furthermore, Mr. Garretson is not entitled to engage in discovery in preparation of his § 2255 motion through the return of his case files. *Calderon v. U.S. Dist. Ct. for the Ninth Dist. of Cal.*, 98 F.3d 1102, 1106-07 (9th Cir. 1996) (holding that pre-petition discovery in a federal habeus proceeding is impermissible).

IT IS THEREFORE ORDERED that Defendant's motion for subpoena or order (Doc. 64) is DENIED.

IT IS SO ORDERED this 20th day of September 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE