AO 243 (Rev. 01/15)                                                                                                        Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: WESTERN DISTRICT OF ARKANSAS | |
|---|---|---|
| Name (under which you were convicted): CLARENCE C. GARRETSON | | Docket or Case No.: |
| Place of Confinement: U.S. PENITENTIARY TUCSON | | Prisoner No.: 14289-010 |
| UNITED STATES OF AMERICA    V. | | Movant (include name under which convicted) CLARENCE C. GARRETSON |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF ARKANSAS
   FORT SMITH DIVISION

   US DISTRICT COURT
   WESTERN DIST ARKANSAS
   FILED
   MAY 13 2019
   DOUGLAS F. YOUNG, Clerk
   By _____ Deputy Clerk

   (b) Criminal docket or case number (if you know): 2:16-CR-20029-PKH

2. (a) Date of the judgment of conviction (if you know): OCTOBER 25, 2016
   (b) Date of sentencing: MAY 31, 2017

3. Length of sentence: LIFE

4. Nature of crime (all counts):
   COUNT I - VIOLATION OF 18 U.S.C. §2423(a)
   COUNT II - VIOLATION OF 18 U.S.C. §2423(a)
   COUNT IV - VIOLATION OF 18 U.S.C. §2423(a)
   COUNT VIII - VIOLATION OF 18 U.S.C. §2423(a)
   COUNT XI - VIOLATION OF 18 U.S.C. §2423(a)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

   N/A

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

    (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

    (b) Docket or case number (if you know): 17-2316

    (c) Result: AFFIRMED

    (d) Date of result (if you know): JANUARY 23, 2018

    (e) Citation to the case (if you know): 709 Fed. Appx. 417 (8th CIR. 2018)

    (f) Grounds raised:
    THE DISTRICT COURT IMPOSED A SENTENCE THAT IS SUBSTANTIVELY UNREASONABLE.

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [ ]   No [X]

    If "Yes," answer the following:

        (1) Docket or case number (if you know): N/A

        (2) Result: N/A
        N/A

        (3) Date of result (if you know): N/A

        (4) Citation to the case (if you know): N/A

        (5) Grounds raised: N/A
        N/A
        N/A
        N/A
        N/A
        N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [X]   No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

        (2) Docket or case number (if you know): NO. 17-2316

        (3) Date of filing (if you know): SEPTEMBER 1, 2017

        (4) Nature of the proceeding: APPELLANT'S PRO SE SUPPLEMENTAL BRIEF

        (5) Grounds raised: VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION
        VIOLATION OF 18 U.S.C. §3553 SENTENCING FACTORS

AO 243 (Rev. 01/15) Page 4

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application? N/A
        Yes ☐    No ☒
    (7) Result: DENIED
    (8) Date of result (if you know): JANUARY 23, 2018

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT
    (2) Docket of case number (if you know): 17-2316
    (3) Date of filing (if you know): MARCH 26, 2018
    (4) Nature of the proceeding: PETITION FOR PANEL REHEARING/REHEARING EN BANC
    (5) Grounds raised:
        8TH AMENDMENT AND §3553 VIOLATIONS

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒
    (7) Result: DENIED
    (8) Date of result (if you know): APRIL 26, 2018

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A
    (1) First petition: N/A    Yes ☒    No ☐
    (2) Second petition: N/A    Yes ☒    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
    N/A
    N/A
    N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                      Page 5

**GROUND ONE:** VIOLATION OF THE CONFRONTATION CLAUSE OF THE 6TH AMENDMENT WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
MR. GARRETSON WAS DENIED CROSS-EXAMINATION OF HIS ACCUSERS
COUNT 1 - VICTIM BORN IN "2004" WAS A MINOR AT "2016" HEARING, 4 YEARS AFTER ALEDGED INCIDENT.
COUNT 2 - VICTIM BORN IN "1987" WAS AN ADULT AT "2016" HEARING, 15 YEARS AFTER ALEDGED INCIDENT.
COUNT 4 - VICTIM BORN IN "1990" WAS AN ADULT AT "2016" HEARING, 15 YEARS AFTER ALEDGED INCIDENT.
COUNT 8 - VICTIM BORN IN "1987" WAS AN ADULT AT "2016" HEARINH, 15 YEARS AFTER ALEDGED INCIDENT.
COUNT 11 - VICTIM BORN IN "1993" WAS AN ADULT AT "2016" HEARING, 14 YEARS AFTER ALEDGED INCIDENT.
FOUR OF THE ALEDGED VICTIMS WERE ADULTS WHEN LISTED AS MINORS IN THE INDICIMENT.
COUNT 1 - VICTIM, THE ONLY MINOR WAITED 2 YEARS TO REPORT THE ALEDGED INCIDENT.
COUNT 2 - VICTIM, AN ADULT, SUFFERS FROM RETARDISM RAISING QUESTION TO COMPETENCY.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:
      COUNSEL FILED AN ANDERS BRIEF ABANDONING ALL POTENTIAL MERITIOUS ISSUES.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed: N/A
  Docket or case number (if you know): N/A
  Date of the court's decision: N/A
  Result (attach a copy of the court's opinion or order, if available): N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☒
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

N/A

N/A

**GROUND TWO:** THE INVOLUNTARY AND UNKNOWING PLEA AGREEMENT WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

MR. GARRETSON WAS ONLY ALLOWED THIRTEEN [13] DAYS TO VIEW AND DISCUSS THE PLEA AGREEMENT WITH COUNSEL, WHILE IN JAIL, THUS MR. GARRETSON HAD MERE HOURS TO UNDERSTAND THE PLEA AGREEMENT.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
COUNSEL FILED AN ANDERS BRIEF ABONDONING ALL POTENTIAL MERITORIOUS ISSUES.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

AO 243 (Rev. 01/15)   Page 7

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

N/A

N/A

N/A

**GROUND THREE:** THE ABSENCE OF MENTAL AND PHYSICAL EVALUATIONS DEPRIVED MR. GARRETSON OF DUE PROCESS WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A MENTAL EVALUATION WAS NOT ORDERED TO INSURE COMPETENCY TO STAND TRIAL
A PHYSICAL EVALUATION WAS NOT ORDERED TO ADDRESS ERECTILE DISFUNCTION PROGNOSIS
A PSYCHOSEXUAL EVALUATION WAS NOT ORDERED

AO 243 (Rev. 01/15) Page 8

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
COUNSEL FILED AN ANDERS BRIEF ABONDONING ALL POTENTIAL MERITORIOUS ISSUES.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed:

_____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

N/A

N/A

**GROUND FOUR:** COUNSEL'S ABONDONMENT OF MR. GARRETSON IN FILING AN ANDERS BRIEF AFFECTED THE INTEGRITY OF THE PROCEEDINGS, WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
COUNSEL'S ANDERS BRIEF CONTAINS NINETEEN [19] PAGES.
COUNSEL'S ARGUMENT CONSISTS OF TWO [2] AND A HALF PAGES CONTAINING 389 WOIRDS AND EIGHT [8] CITATIONS TO CASE LAW.
COUNSEL ONLY RAISED ONE [1] ISSUE: THE SENTENCE INPOSED IS SUBSTANTIVELY UNREASONABLE.

(b) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒
(2) If you did not raise this issue in your direct appeal, explain why:
COUNSEL FILED AN ANDERS BRIEF ABONDONING ALL POTENTIAL MERITORIOUS ISSUES.

(c) **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:
N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ]    No [X]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ]    No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ]    No [X]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

N/A

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

MR. GARRETSON REQUESTED COUNSEL TO OBJECT TO THE FOREGOING GROUNDS.
COUNSEL FILED AN ANDERS BRIEF.
COUNSEL ABONDONED MR. GARRETSON AND ALL MERITORIOUS ISSUES.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes [ ]    No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

N/A

N/A

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:

    JESS MARVIN HONEYCUTT P.A.

    (b) At the arraignment and plea:

    JESS MARVIN HONEYCUTT P.A.

    (c) At the trial:

    N/A

    (d) At sentencing:

    JESS MARVIN HONEYCUTT P.A.

    (e) On appeal:

    JESS MARVIN HONEYCUTT P.A.

    (f) In any post-conviction proceeding:

    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [X]  No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ]  No [X]

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ]  No [X]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    MR. GARRETSON WAS CHARGED ON AUGUST 9, 2016
    MR. GARRETSON WAS ARRAIGNED ON OCTOBER 12, 2016
    MR. GARRETSON ENTERED A PLEA OF GUILTY ON OCTOBER 25, 2016
    MR. GARRETSON WAS SENTENCED ON MAY 31, 2017
    MR. GARRETSON FILED A TIMELY NOTICE OF APPEAL ON JUNE 13, 2017
    MR. GARRETSON FILED A BRIEF FOR APPELLENT ON JULY 14, 2017

MR. GARRETSON FILED AN APPELLANT'S PRO SE SUPPLEMENTAL BRIEF ON SEPTEMBER 1, 2017
THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT DENIED THE APPEAL ON JANUARY 23, 2018
MR. GARRETSON FILED AN EXTENTION OF TIME TO FILE A PETITION FOR REHEARING ON JANUARY 31, 2018
THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT ISSUED A FORMAL MANDATE ON FEB 15, 2018
MR. GARRETSON FILED A PETITION FOR REHEARING ON MARCH 26, 2018
THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT DENIED THE PETITION FOR REHEARING ON APRIL 26, 2018
MR. GARRETSON DID NOT FILE A PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15) Page 13

Therefore, movant asks that the Court grant the following relief:

CONVICTION VACATED, SENTENCE VACATED, CASE REMANDED.

EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL, IMMEDIATE RELEASE.

or any other relief to which movant may be entitled.

N/A

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___MAY 8 2019___.
(month, date, year)

Executed (signed) on ___MAY 8 2019___ (date)

*Clarence Barritto*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.