IN THE UNTIED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 13 2019

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 16-20029-001

CLARENCE C. GARRETSON,

    Movant.

MEMORANDUM OF LAW AND ARGUMENTS IN SUPPORT OF

MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR

CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

    COMES NOW, the Movant, Clarence C. Garretson, Pro se, respectfully issuing Notice to this Honorable Court of Citations to Law and Arguments in support of the instant motion under §2255.

    In support thereof Mr. Garretson states:

    Mr. Garretson argues that his sentence for child sexual abuse offenses is substantively unreasonable because it treated him as the worst of offenders, a subclass of offenders, a first-time sex offender who pled guilty. The Court held it could not find that sentence substantively unreasonable "no matter how persuasive" it might find Mr.

1

Garretson's "policy arguments," saying that to do so would "run contrary to the presumption of reasonableness afforded to sentences falling within or in his case below the Guidelines." That is, it held it could never disagree with a Guideline provision on policy grounds.

That holding is wrong and should be rejected by the Court when it addresses Mr. Garretson's very similar argument that a whole subclass of offenders like him is subject to a Guidelines range that is so harsh that it plainly fails to "fulfill the sentencing goals set forth by Congress in 18 U.S.C. §3553(a)." United States v. Herrera-Zuniga, 571 F.3d 569, 586(6th Cir. 2009). That holding gives far too much significance to the presumption of reasonableness, which is merely an "optional" tool that helps frame appellate arguments and lacks any "independent legal effect." Rita v. United States, 551 U.S. 338, 347, 350 (2007). Likewise it conflicts with holdings of other circuits that have found that certain Guideline provisions create "manifestly unjust" sentencing ranges for classes or subclasses of offenders. United States v. Dorvee, 616 F.3d 174, 187-88 (2nd Cir. 2010)(child-pornography Guideline); see also United States v. Amezcua-Vasquez, 567 F.3d 1050, 1054-58 (9th Cir. 2009)(illegal-reentry Guideline).

This Court should hold that the district court imposed a substantively unreasonable sentence because, when selecting a sentence, it gave unreasonable weight to a manifestly unjust Guidelines range that placed him in the group of the very worst offenders deserving a life sentence. See, e.g., United States v. Jenkins, 854 F.3d 181, 190 (2nd Cir. 2017)("It was

substantively unreasonable for the district court to have applied the enhancements in a way that placed Jenkins at the top of the range with the very worst offenders where he did not belong."). Mr. Garretson is aware district courts, have issued consecutive sentences for possession and receipt or images violating double jeopardy. But because the district could did not independently select a new sentence, it has not exercised its discretion, and its substantive error remains. In any event, as Mr. Garretson argues, any sentence longer that about 45 years would effectively be a life sentence for him. See generally United States v. Grant, 887, F.3d 131, 152 (3rd Cir. 2018)(adopting a "rebuttable presumption that a non-incorrigible juvenile offender should be afforded an opportunity for release before the national age of retirement" in order for release with the Eighth Amendment's prohibition of a life sentence in that context". This Court should hold that Mr. Garretson's essentially life sentence is substantively unreasonable.

Furthermore Mr. Garretson cites new authority, United States v. Killen, 2018 U.S.App. LEXIS 8156 (11th Cir. 2018), in which the Eleventh Circuit found that a 139-year sentence for, among other things, coercing minors to produce child pornography was substantively unreasonable. The "Killen" Court explained that an effective live sentence for Killen, would create sentencing disparities with other offenders since other child-sexual-abuse offenders had engaged in worse behavior. Id. at *29-30. It said the disparity "factor requires particular attention in the context of child sexual abuse offenses, in light of the wide range of conduct that can

3

constitute this type of offense, as well as the breadth of sentenced authorized." Id.

Indeed, cases show that many offenders have received sentenced far short of the sentence that Mr. Garretson received even though their conduct was worse and they did not even accept responsibility. See, e.g., United States v. Sanchez, 440 F.App'x 436 (6th Cir. 2011)(reporting 30-year sentence for defendant who molested his daughter from age 6 to 12; had prior conviction for molesting stepson); United States v. Price, 2012 U.S. Dist. LEXIS 98397, *33-34 (C.D.Ill. 2012)(Imposing 18-year sentence on defendant who posed daughter from age 9 to 11 for pornography; claimed he had the right to do so; United States v. Barry, 634 F.App'x 407 (5th Cir. 2015)(reporting 27-year sentence for defendant who used adopted, disabled toddlers to make pornography); United States v. Street, 531 F.3d 703 (8th Cir. 2008)(affirming 30-year sentence for defendant who molested daughter and step-daughter for years); United States v. Dotson, 715 F.3d 576 (6th Cir. 2013)(reporting 22-year sentence for defendant who molested girlfriend's four-year-old daughter).

Mr. Garretson's sentence is plainly disproportionate.

GROUND 1:

Violation of the Confrontation Clause of the 6th Amendment was the product of ineffective assistance of counsel:

The Due Process Clause of the Fourteenth Amendment provides, "No state shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1.

4

The Clause "extends beyond the command of fair procedures" and comprises a "substantive component as well." County of Sacramento v. Lewis, 523 U.S. 833, 856, 118, S.Ct. 1708, 1721, 140 L.ED. 2d 1043 (1998)(Kennedy, J., concurring). As described below, substantive due process has two strands-one that protects against deprivation of fundamental rights and one that protects against arbitrary legislation.

The Due Process Clause protects "fundamental rights found to be deeply rooted in our legal tradition," Washington v. Glucksberg, 521 U.S. 702, 722 177 S.Ct. 2258, 2268, 177 S.Ct. 2302, 138 L.Ed.2d 772(1997), "that is, rights that are implicit in the concept of ordered liberty,'" Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). Absent a "compelling state interest" and an infringement "narrowly tailored" to serve that interest, the government may not violate those "at all no matter what process is provided." Glucksberg, 521 U.S. at 721, 117 S.Ct. at 2268 (quoting Reno v. Flores, 507 U.S. 292, 302, 112 S.Ct. 1439, 1447, 123 L.Ed. 2d 1 (1993)).

The Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots. Giles v. California, 554 U.S. 353, 365, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008). The Confrontation Clause grants the accused "the right...to be confronted with the witness against him." U.S. Const. VI. The Federal Rules of Evidence bar the admission of hearsay-an out-of-court statement "offered in evidence to prove the truth of the matter asserted"-unless the statement comes in pursuant to a recognized exception. Fed.R.Evid.801(c), 802. Yet, even if hearsay is permissible

under a hearsay exception, it may still violate the Confrontations Clause if the statement is testimonial, meaning it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 310, 324, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

The aledged victims in Counts 2, 4, 8, and 11 were adults at the time they gave statements to the authorities, the Four [4] adults did not testify in open court, thus denying Mr. Garretson his Constitutional Right to confront his accuser. The adult aledged victim in Count 2 suffers from mental retardation, the mental competentcy of the Count 2 aledged victim was never determined prior to nor after statements were made. The aledged minor victim in Count 1 waited two [2] years to disclose any abuse, thus leaving the question of "were memories of abuse coersed by caregivers and law enforcement?" Jurors of reason would find the facts of Ground 1 debatable.

GROUND 2:

The involuntary and unknowing Plea Agreement was the product of ineffective assistance of counsel.

In Tollet v. Henderson, the Supreme Court explained: A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independant

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. 411 U.S. 258, 267, 93 S.Ct. 1602. 36 L.Ed.2d 235 (1973). The Supreme Court recognized though, that a criminal defendant can bring claims "attacking the voluntary and intelligent character of the guilty plea," such as claims that the defendant "pleaded guilty on the advice of counsel" that "was not 'within the range of competence of attorneys in criminal cases.'" Id. at 266-67 (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). This includes cases in which counsel has "failed to evaluate properly that facts giving rise to a constitutional claim, or failed to inform himself properly of facts that would have shown the existance of a constitutional claim." Id. at 226-67. The Supreme Court emphasized, however, that while the petitioner "must, of course, prove that some constitutional infirmity occurred in the proceedings," the "focus of federal inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266. Nevertheless while claims or proper constitutional deprivations "are not themselves independent grounds for federal relief," they "may play a part in evaluating the advice rendered by counsel." Id. at 267. The Petitioner's plea agreement was "the product of ineffective assistance of counsel," or "tainted by ineffective assistance of counsel," United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). See also Untied States v. Teeter, 257 F.3d 14, 25 n.9 (1st Cir. 2001)

7

("This category of situations in which denying a right would work a miscarriage of justice is infinitely variable, but, by way of illustration, it would include within its situations in which appellants claim ... that the plea proceedings were tainted by ineffective assistance of counsel."); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000), the decision to enter into the plea was not knowing and voluntary becuase it was the result of ineffective assistance of counsel.

GROUND 3:

The absence of mental and physical evaluations deprived Mr. Garretson of Due Process was the product of ineffective assistance of counsel.

Mr. Garretson contends that he was not mentally competent to stand trial, and his counsel was ineffective for failing to obtain a mental evaluation. A court should grant a motion to determine the competency of a defendant "if there is reasonable cause to believe that the defendant may "presently" be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241; see Dusky v. United States, 362 U.S. 402, 402 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)(the test for mental competency is whether the defendant has "sufficient "present" ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him").

8

Under Strickland, a mental evaluation showing that defendant was incompetent would sufficiently undermine the confidence in the trial's outcome. See Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 10 (1974)("a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult, with counsel, and to assist in preparing his defense may not be subject to trial").

In facing a life sentence Mr. Garretson was under great stress, thus unable to rationally and factually understand the proceedings against him, furthermore Mr. Garretson lacked the ability to sufficiently consult with his lawyer given the emotional strain he was under.

Mr. Garretson was not offered a physical evaluation to determine his ability to commit to the alleged crimes in question due to his eractile dysfunction, a medical condition that could have been examined through plethysmograph testing to determine Mr. Garretson's ability to commit the crimes charged and prove his non-attraction to minors. This specialized testing was not offered to Mr. Garretson by counsel.

. Mr. Garretson was never offered a phychosexual evaluation to determine his desire to commit the crimes charged. Many meritous arguments were denied Mr. Garretson through ineffective assistance of counsel.

GROUND 4:

Counsel's abandonment of Mr. Garretson in filing an Anders

9

Brief affected the integrity of the proceedings, was the product of ineffective assistance of counsel.

Abandonment by counsel may qualify as a precedural defect. Ramirez v. United States, 799 F.3d 845m 854 (7th Cir. 2015).

Kelly, Circuit Judge, dissenting from the denial of panel rehearing. I respectfully dissent from the denial of Lee's petition for rehearing by the panel, because the petition - and the recent Seventh Circuit decision it brings to our attention - provide convincing reasons for us to revisit the issues raised in this case. See Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015). In particular, I think it is appropriate to reconsider whether Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trecino v. Thaler, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), should be limited to petitions for post-conviction relief filed by state prisoners under 28 U.S.C. §2254, or whether, perhaps under limited circumstances, these two cases may also be similar petitions filed by federal prisoners under 28 U.S.C. §2255.

If Martinez and Trevino have an animating principle, it is that a prisoner must have at least one opportunity to present a claim that trial counsel was ineffective - and to present it with the assistance of effective counsel. Martinez pointed out that "if counsel's error in an initial-review collateral proceeding do not establish cause to excuse [a] procedural default in a federal habeas proceeding, no court will review the prisoner's claims," 132 S.Ct. at 1316, and Trevino reiterated that "failure to consider a lawyer's 'ineffectiveness' during an initial-review collateral

proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim," 133 S.Ct. at 1921. In this case, if one grants that Lee's §2255 counsel was ineffective in failing to attach the evidence in support of his ineffectiveness claim to his petition, Lee will have completed his journey through the court system withour ever having had the chance to present a colorable ineffective assistacne of trial counsel claim to a court with the aid of an effective lawyer - which seems to be exactly the problem that Martinez and Trevino sought to remedy.

Whether the concerns that motivated Martinez and Trevino apply equally to the post-conviction procedures afforded to federal prisoners is a question worth examining. See Ramirez, 799 F.3d at 854. Like the state system that Trevino discussed, the federal system also strongly discourages ineffectiveness of trial counsel on direct appeal. See Ramirez, 799 F.3d at 852-53. In our circuit," We only review ineffective assistance of counsel claims on direct appeal in 'exceptional cases.'" United States v. Mathison, 760 F.3d 828, 831 (8th Cir. 2014). As a result, the §2255 motion Lee brought was effectively his first opportunity to bring an ineffective assistance of trial counsel claim. Martinez was clear that habeas review for similarly-situated prisoners convicted in state court should not be foreclosed unless the prisoners had the benefit of attorney representation in bringing their ineffectiveness claim, and that representation was

11

effective. Martinez, 132 S.Ct. at 1317 ("To present a claim of ineffective assistance at trial in accordance with the State's procedures, ... a prisoner likely needs an effective attorney."). United States v. Lee, 811 F.3d 272 (8th Cir. 2015).

## CONCLUSION

WHEREFORE, the Movant, Clarence C. Garretson, Pro se, respectfully requests this Honorable Court to Vacate and Remand the current conviction and sentence, issue an order for an Evidentiary Hearing, appointment of counsel, and an order for immediate release pending outcome of hearing.

On this date: May 13, 2019

Respectfully submitted,

*Clarence Garretson*

Clarence C. Garretson
Reg.# 14289-010
USP-Tucson
P.O. Box 24550
Tucson, AZ. 85734

12