IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES71                                                 PLAINTIFF/RESPONDENT

V.                                  No. 16-20029

CLARENCE C. GARRESTON                     DEFENDANT/PETITIONER

## MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 71) filed May 13, 2019.  The United States of America filed a Response (Doc. 77) on June 13, 2019.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

Clarence Garretson ("Garretson") was charged on August 9, 2016, in a nine-count Indictment that alleged violations of 18 U.S.C. § 2423(a), Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity. (Doc. 15). An eleven-count Superseding Indictment was filed October 5, 2016, that charged him with eleven counts of Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C § 2423(a). (Doc. 26).

On October 25, 2016, Garretson appeared before the Honorable P. K. Holmes, III, for a change of plea hearing.  (Doc. 32).  Garretson pleaded guilty to Counts One, Two, Four, Eight and Eleven of the Superseding Indictment. (Doc. 33). The statutory mandatory minimum term of imprisonment for Count One was ten years' imprisonment and a maximum of life imprisonment.

Case Counts Two, Four, Eight and Eleven had no statutory mandatory minimum term of imprisonment and maximum penalty of 15 years per count.

The Presentence Investigation Report ("PSR") calculated a total offense level of 49. (Doc. 38, ¶ 195). Given that offense level 43 is the highest offense level in the sentencing guideline matrix, Garretson's offense level was reduced to 43. (Doc. 38, ¶ 264). Life imprisonment is the recommended sentence corresponding to offense level 43 and criminal history category I. (Id.). Where a count of conviction carrying the highest statutory maximum satisfies the recommended range for the total punishment, the sentences on all counts shall be imposed to run concurrently, except to the extent otherwise required by law. See U.S.S.G. § 5G1.2(c). In this case, a sentence of life imprisonment on Count One satisfied the recommended range for all the counts of conviction.

Garretson was sentenced to life imprisonment on Count One and fifteen years on each of Counts Two, Four, Eight and Eleven, to be served concurrently with Count One. (Doc. 43). The Court imposed a term of supervision for life on Count One and three years of supervised release for each of Counts Two, Four, Eight and Eleven, to run concurrently with Count One. (Id.)

Garretson filed a timely notice of appeal on June 13, 2017. (Doc. 48). Counsel moved to withdraw and submitted a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Garretson filed a pro se supplemental brief, arguing the district court did not properly consider the 18 U.S.C. § 3553(a) factors, the statute of conviction called for a sentence "grossly disproportionate" to the offense and was overly broad. The Eighth Circuit affirmed Garretson's sentence. *United States v. Garretson*, 709 Fed. Appx. 417 (8th Cir. 2018). The Court of Appeals found Garretson's sentence was reasonable and not grossly disproportionate to his crimes, considering the number of victims, the severity of the abuse, and

the time over which the abuse occurred, and held the statute of conviction was not overly broad. Id. at 418.

Thereafter, Garretson sought a subpoena duces tecum for discovery of his attorney's file or for an Order directing his counsel to provide all papers, "cover to cover," so he could prepare a motion for relief pursuant to 28 U.S.C. § 2255. (Doc. 64). The Court denied Garretson's motion for subpoena or Order. (Doc. 67). Next, Garretson filed a pro se motion to compel counsel to release all Federal documents. (Doc. 70). He filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") and Memorandum in Support on May 13, 2019. (Docs. 71 and 72).

## II. Discussion

### A.   Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of Athe date on which the judgment of conviction becomes final@. See 28 U.S.C. ' 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).

A conviction is final for purposes of starting the clock on a § 2255's limitations period "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524-25 (2003). Under Supreme Court Rules, the time to file a petition for writ of certiorari is within 90 days after the Court of Appeals enters judgment, not after it issues the mandate. See Sup.Ct.R. 13. In this case, the Eighth Circuit affirmed the sentence by written opinion filed January 23, 2018. Garretson's time to file a petition for writ of certiorari expired April 23, 2018, which was 90

days from which the Eighth Circuit filed its opinion affirming his sentence.

Garretson filed his § 2255 motion on May 13, 2019 (Doc. 71, p.1) but it is dated May 8, 2019. (Id., p. 12) Even allowing for the date the petition was executed the petition is out of time and is barred unless he is entitled to equitable tolling.

The U.S. Supreme Court has established that "federal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Turnage v. Fabian*, 606 F. 3d 933 C.A. 8 (Minn.) 2010.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition, "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Petitioner has neither plead nor alleged any factors to justify equitable tolling. Paragraph 18 of the Section 2255 Motion specifically directs a petitioner to give an explanation

if his petition is not timely.  The instant petition is completely void of any explanation. (Doc. 71, p.12).  The court also notes that the Memorandum Brief filed by the Petitioner is void of any explanation of the untimely filing.

Since the Petition is not timely, and Equitable Tolling does not apply, it must be dismissed.

### B.	Ineffective Assistance of Counsel

The Petitioner alleged he received Ineffective Assistance of Counsel as follows:  **Ground One**: Violation of the confrontation clause; **Ground Two**: A plea that was not voluntary; **Ground Three:** Failure to have a Mental Evaluation; **Ground Four**: Filing Anders Brief.

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI*. The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that

counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

### 1. Failure to Confront Witnesses

The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309 (2009) (citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial, or,

if the witness is unavailable, the defendant had a prior opportunity for cross-examination. Id. (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)).

The Supreme Court has held that a defendant can waive certain constitutional rights by entering a guilty plea. See *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003). Specifically, "a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke v. Raley*, 506 U.S. 20 (1992). By entering into a negotiated Plea Agreement, Garretson waived his right to a trial as

well as the right to confront and examine witnesses. (Doc. 33, ¶ 3). This claim is without merit.

### 2. Voluntary Plea

Next, Garretson complains his decision to enter into the Plea Agreement was not made knowingly and voluntarily because it resulted from ineffective assistance of counsel. Garretson alleges he suffered prejudice because he was only allowed "thirteen (13) days" to view and

discuss the Plea Agreement with counsel while he was jailed, thus giving him "mere hours" to understand the Plea Agreement. (Doc. 71, p. 5).

Given the Petitioner's claim the "mere hours" he had to examine the Plea Agreement amounted to three hundred and twelve (312) hours to review. In the Plea Agreement the Petitioner acknowledged that he "has read this agreement (or has had this agreement read to him) and has carefully reviewed every part of it with defense counsel . . . fully understands this plea agreement . . . has entered into this plea agreement freely, voluntarily, and without reservation and . . . is not the result of threats or coercion . . ." (Doc. 33, para. 29). The Court further made detailed inquiry of the Petitioner to make sure he understood the consequences of his plea and that it was voluntary. (Doc. 60, pp. 9-10). An accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The Petitioner's claim that his plea was not voluntary is without merit.

### 3. Failure to Secure Mental Evaluation

The Petitioner contends his attorney was ineffective because he did not request a mental evaluation, a physical evaluation to determine erectile function, and a psychosexual evaluation.

An inquiry into counsel's performance on the mental evaluation issue is unnecessary because Garretson has not demonstrated a mental evaluation would have shown he was incompetent. See *Williams v. Locke,* 403 F.3d 1022, 1025 (8th Cir. 2005) (stating that "we need not ask whether Williams's trial lawyer's performance was deficient if we can clearly determine that no prejudice resulted from his trial lawyer's alleged error."). In order to show prejudice caused by counsel's failure to obtain a mental evaluation or diagnosis, "the evidence must do more than speculate that the petitioner may have been incompetent." *James v. State of Iowa*, 100

F.3d 586, 589 (8th Cir. 1996). Instead, it must demonstrate "some credible evidence of actual incompetence." Id

According to the PSR, "[a]s confirmed by medical staff, Clarence C. Garretson informed that he is mentally stable and has never suffered from any mental or emotional health issues." (Doc. 38, ¶ 240) (emphasis added). In open court and while under oath, Garretson provided the following answers to the Court's inquiry about Garretson's mental acuity:

> THE COURT: Okay. Now, have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?
>
> Answer by Garretson: No. I don't do dope.
>
> THE COURT: Okay. Now, have you used any drug or alcohol in the last 24 hours?
>
> Answer by Garretson: No.
>
> THE COURT: Okay. Now, do you feel you understand what's happening in these proceedings today?
>
> Answer by Garretson: Oh, I understand.

(Doc. 60, p. 4).

The Petitioner's contention that his attorney should have asked for a physical exam is based on conjecture and speculation. Nothing in the record indicated erectile dysfunction. Even so, the Arkansas rape statute would consider penetration, however slight" and the inability to achieve an erection would not be a defense. *Stewart v. State*, 331 Ark. 359 (1998); Lowe v. State, 2016 Ark. App. 389. In addition, a violation of 18 U.S.C. § 2423(a) does not require proof that criminal sexual activity was actually engaged in, but does require proof that the interstate transportation was committed with the intent that criminal sexual activity would be engaged in.

Garretson's misguided contention that a psychosexual examination -- ostensibly that would prove Garretson did not exhibit sexual interest in minors -- is a conclusory allegation insufficient on its face. *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983)

(conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel). Garretson simply states that he was never offered a psychosexual evaluation to determine his desire to commit the crimes charged, but offers no evidence to show that such an evaluation would have been favorable to him.

The Petitioner's claims that his attorney was ineffective because he did not seek mental and physical evaluations is without merit.

   4.   **Anders Brief**

The Petitioner contends that his attorney was ineffective for filing an Anders Brief in his appeal.

To establish ineffective assistance of appellate counsel, Defendant must show appellate counsel's performance was deficient, and prejudice from that deficiency. *Strickland,* 466 U.S. at 687-88; *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). The deficient performance standard is rigorous. On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir.1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir.1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'"). "It is the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . . appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform

competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted).

The prejudice standard is equally rigorous. Brown must show that "the result of the proceeding would have been different" had appellate counsel raised the issues on direct appeal. Becht, 403 F.3d at 546. Furthermore, a court need not determine the objective reasonableness of appellate counsel's conduct before examining the prejudice suffered by the petitioner as a result of counsel's alleged failures. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claims on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

"Generally, when counsel submits an Anders brief, the court independently reviews the record for any nonfrivolous issue. If the court finds a nonfrivolous issue, it will direct counsel to more fully brief the issue." Davis, 508 F.3d at 464. (internal citations omitted). In Anders, the Supreme Court instructed that it is "the duty of the court, and not counsel, to review the record and ultimately decide whether the case is wholly frivolous." Id., citing Anders, 386 U.S. at 744.

The Petitioner has failed to demonstrate any nonfrivolous issue and this claim is without merit.

### A. Reasonableness of Sentence

Indirectly the Petitioner has raised the issue of the reasonableness of his sentence. This issue was raised on direct appeal. Issues decided on direct appeal cannot be raised again in a § 2255 motion. *United States v. Kraemer,* 810 F.2d 173, 177 (8th Cir. 1987)

### B. Evidentiary Hearing

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a habeas motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). Sidebottom v. Delo  46 F.3d 744, 751 (C.A.8 (Mo.),1995)

The court finds that the timeliness of the petition as well as the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. '2255 be **DISMISSED with PREJUDICE**.

The Motion to Compel (Doc. 70) filed by the petitioner on April 22, 2019 should be denied. The Government's Motion for Extension (Doc. 75) is Moot.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED this 3rd day of July 2019.

                                            */s/ J. Marschewski*
                                 HONORABLE JAMES R. MARSCHEWSKI
                                  UNITED STATES MAGISTRATE JUDGE